## In re Sugarloaf Township Treasurer

*John A. Mihalik,* for township supervisors.
*Gailey C. Keller,* for township auditors.

GARDNER, *P.J.*, *Specially Presiding*, December 5, 1978—Counsel for the parties agreed that the above-captioned matter, an appeal from the 1975 audit of Sugarloaf Township, Columbia County, Pa., would be submitted, on brief only, on the question of whether, in computing the commissions of the Sugarloaf Township Treasurer, funds received from the Federal Disaster Administration of the United States of America through the Department of Community Affairs of the Commonwealth of Pennsylvania for flood relief may be considered as part of the basis for such commissions.

The 1975 audit report of the Sugarloaf Auditors surcharged the secretary-treasurer of the township in the amount of $803.58, representing a three percent commission claimed by that officer based on funds received from the disaster assistance grant.

The auditors submit that such commissions are in violation of the Township Code,[1] an alleged "agreement" between the Township and the Commonwealth of Pennsylvania and applicable Federal regulations. In support of this, the auditors

---

1. "The township treasurer shall receive, as compensation for his services, a certain percentage on all moneys received and paid by him, which rate shall be determined by the supervisors of the townships.

"Except as otherwise provided in section 540 hereof, the amount paid to the treasurer as treasurer and secretary, shall not exceed three per centum of the money paid out by the treasurer, but it shall not be less than fifty dollars; and the calculation of such maximum compensation shall not include any percentage upon money paid out by the treasurer for the repayment of loans, notes, certificates, or other evidences of indebtedness, or other borrowed moneys." Act of May 1, 1933, P.L. 103, art. V, sec. 531, as amended, 53 P.S. §65531.

have attached to their brief a copy of a letter to the township supervisors from the Director of Municipal Information Centers, Department of Community Affairs of the Commonwealth dated August 31, 1976. Also, relevant regulations of the Federal Disaster Assistance program and an agreement dated November 28, 1975, between Sugarloaf Township and the Pennsylvania Department of Community Affairs were stipulated into evidence by counsel.

The township treasurer asserts that the applicable provisions of the Township Code of 1933, as amended, supra, 53 P.S. §65531, applies to all moneys with the specific exception of those which are disbursed for the repayment of loans, and that the moneys in issue in the instant matter were grants and not loans, that there is no reason to distinguish the flood relief funds from other moneys (which include other grants-type receipts), and that there are "no known prohibitions" in Federal regulations regarding flood relief funds.

The auditors contend (1) that the commission payments were from the "flood account" at a time when the only money on deposit were the proceeds of a bank loan in anticipation of a Federal Disaster Assistance grant and, hence, the exception to the code provision applied,[2] and (2) Federal regulations and the agreement with the Commonwealth of Pennsylvania "prohibit" commissions to be paid from the disaster assistance grant.

In a reply brief, the township supervisors assert

---

2. However, this contention appears negated by paragraph 1 of counsels' stipulation, which is as follows: "1. No monies were borrowed or paid back by Sugarloaf Township during the year of 1975 and none of the disputed commissions is based upon repayment of any debt."

that there is no prohibition against commissions paid from township funds for administering Federally-financed projects.

With reluctance, we agree with appellants. There is no rule of statutory construction nor appellate authority which can obviate the clear meaning of the words of the applicable statute—that the commission shall be "a certain percentage on *all* moneys received and paid." (Emphasis supplied.) Nor is there any evidence before this court that the commissions here involved were "for the repayment of loans, notes, certificates, or other evidences of indebtedness, or other borrowed moneys."

It may well be that a cause of action exists for recovery of the commissions in controversy as a result of a possible Federal violation or breach of an agreement with the Commonwealth. However, the Sugarloaf Township Auditors are not eligible agents of either the state or Federal government in the pursuit of such causes.

The auditors may have been motivated by what could be considered an inconsistency between the compassionate philosophy of disaster assistance and the use of the very same assistance as a basis for a charge which may be difficult to justify by effort or other meritorious service. This is precisely the reason why we experience reluctance in this decision. However, this reasoning is, in our judgment, only another example of the ease by which "hard cases make bad laws," and we must resist a temptation to participate.

## ORDER

And now, December 5, 1978, for the reasons set

forth in an opinion of even date filed in the above-captioned matter, it is ordered that the appeal heretofore taken by the Supervisors of Sugarloaf Township, Columbia County, Pa., to the 1975 audit of the said Township be and the same is hereby sustained.

It is further ordered that the surcharge of H. Lawrence Harps, secretary-treasurer of the said Sugarloaf Township, in the amount of $803.58, be and the same is discharged.